UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THOMAS M. FRANK, D.C.,

    Plaintiff,

v.                                        23-CV-670 (JLS) (HKS)

D'YOUVILLE UNIVERSITY, DYC
CHAPTER OF THE AMERICAN
ASSOCIATION OF UNIVERSITY
PROFESSORS,

    Defendant.

---

## DECISION AND ORDER

Plaintiff Thomas M. Frank, D.C., commenced this action against Defendants D'Youville University and the DYC Chapter of the American Association of University Professors in New York State Supreme Court, Erie County, on April 28, 2023. Dkt. 1-1. Plaintiff alleged the following claims: (1) a hybrid claim for breach of the collective bargaining agreement, under Section 301 of the Labor Management Relations Act against both Defendants; (2) breach of the covenant of good faith and fair dealing against Defendant D'Youville; (3) intentional infliction of emotional distress against Defendant D'Youville; (4) negligent infliction of emotional distress against Defendant D'Youville; (5) unjust enrichment against Defendant D'Youville; and (6) breach of the duty of fair representation against Defendant DYC. *Id.* Defendant D'Youville removed the case to this Court on July 10, 2023, based on federal-question jurisdiction, with the consent of Defendant DYC. Dkt. 1, at 1, 3, 4.

Defendant D'Youville moved to dismiss certain claims in the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 3. Defendant DYC also moved to dismiss for failure to state a claim and joined in Defendant D'Youville's motion. Dkt. 7. Between the two motions, Defendants sought dismissal of the complaint in its entirety. *See* Dkt. 3; Dkt. 7. Plaintiff responded to both motions to dismiss. Dkt. 12; Dkt. 14. Both Defendants replied. Dkt. 15; Dkt. 16.

On December 11, 2023, United States Magistrate Judge H. Kenneth Schroeder, Jr., issued a Report and Recommendation ("R&R"),[1] recommending that this Court: (1) grant Defendant D'Youville's motion to dismiss; and (2) grant Defendant DYC's motion to dismiss. Dkt. 17. Judge Schroeder also recommended denying Plaintiff leave to amend his unjust enrichment and Section 301 claims. *See id.* at 9, 13.

Neither party objected to the R&R, and the time to do so has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the

---

[1] On July 12, 2023, this Court referred the case to Judge Schroeder for all pretrial matters, pursuant to 28 U.S.C. §§ 636(b)(1)(A)–(C). Dkt. 5.

recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Though not required to do so here, this Court nevertheless reviewed Judge Schroeder's R&R. Based on that review, and absent any objections, the Court accepts the R&R.

For the reasons stated above and in the R&R, the Court **grants Defendant D'Youville's motion to dismiss** (Dkt. 3) and **grants Defendant DYC's motion to dismiss** (Dkt. 7). The complaint is dismissed on the merits and without leave to amend. The Clerk of the Court shall close this case.

SO ORDERED.

Dated:    March 1, 2024
           Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE